IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KARLA SOFIA DIAZ-CASTELLANOS,<br>        Petitioner,<br>vs.<br>UNITED STATES OF AMERICA,<br>        Respondent. | No.  CV 05-442-TUC-CKJ<br>      CR 04-1893-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Also pending before the Court is Respondent's Motion to Dismiss.

*Background*

On September 15, 2004, Petitioner Karla Sofia Diaz-Castellanos ("Diaz-Castellanos") was indicted on one count of Illegal Re-Entry after Deportation as enhanced by 8 U.S.C. § 1326(b)(2). On October 25, 2004, Diaz-Castellanos pleaded guilty to the offense pursuant to a plea agreement. The Plea Agreement provided that, if Diaz-Castellanos filed a habeas petition, "upon motion of the government, [this case shall] be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement." Plea Agreement, p. 4. On March 2, 2005, Diaz-Castellanos was sentenced to a term of fifty-one (51) months in the custody of the Bureau of Prisons to be followed by a twenty-

four (24) month term of supervised release.

On July 11, 2005, Diaz-Castellanos filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. On August 31, 2005, the government filed a Motion to Dismiss Defendant's 28 U.S.C. § 2255 Petition. Diaz-Castellanos has not filed a Response.

*Waiver of Right to File 28 U.S.C. § 2255 Petition*

Diaz-Castellanos' Plea Agreement provided that Diaz-Castellanos waived the right to file any motion against the sentence or judgment consistent with the terms of the plea agreement. Here, the Plea Agreement provided for a sentencing range of fifty-one (51) to sixty-three (63) months imprisonment – Diaz-Castellanos was sentenced to a term of fifty-one (51) months, the lower end of the range set forth in the Plea Agreement[1]. Moreover, the plea agreement specifically provided that Diaz-Castellanos waived any right to collaterally attack her conviction and sentence under 28 U.S.C. § 2255. The plea agreement also provided that, if Diaz-Castellanos filed a habeas petition and the Court determined Diaz-Castellanos was in breach of the plea agreement, Diaz-Castellanos agreed to permit the government to withdraw from the plea agreement.

Motions seeking relief pursuant to 28 U.S.C. § 2255 are within Chapter 153 of Title 28 (Judiciary and Judicial Procedure). Chapter 153 deals with habeas corpus applications. Therefore, Diaz-Castellanos' Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is a habeas petition.

Moreover, a waiver generally will be enforced if the agreement, by its terms, expressly waives the right and the waiver is knowingly and voluntarily made. *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000); *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *United States v. Vences*, 169 F.3d 611 (9th Cir. 1999)(sentence was

---

[1]The Presentence Report indicates that Diaz-Castellanos faced a guideline range for imprisonment of seventy (70) to eighty-seven (87) months.

- 2 -

1 not illegal where it was authorized by the judgment of conviction and was not in excess
2 of the statutory penalty). However, "a 'decision to enter into a plea agreement cannot be
3 knowing and voluntary when the plea agreement itself is the result of advice outside the
4 range of competence.'" *United States v. Ruiz*, 241 F.3d 1157, 1165 (9th Cir. 2001),
5 *reversed on other grounds, quoting DeRoo v. United States*, 223 F.3d 919, 923-24 (8th
6 Cir. 2000). Diaz-Castellanos asserts that counsel was ineffective by failing to
7 adequately explain the consequences of the plea agreement, failing to explain the
8 sentencing range, and failing to explain her constitutional rights. To prevail on a claim
9 of ineffective assistance of counsel, Diaz-Castellanos must satisfy a two prong test,
10 demonstrating: (1) deficient performance, such that counsel's actions were outside the
11 wide range of professionally competent assistance, and (2) that Diaz-Castellanos was
12 prejudiced by reason of counsel's actions. *Strickland v. Washington*, 466 U.S. 668, 686-
13 90, 104 S.Ct. 2052, 2064-66, 80 L.Ed.2d 674 (1984). "A claim of ineffective assistance
14 used to attack the validity of a guilty plea may be sustained where the petitioner
15 establishes that the ineffective performance 'affected the outcome of the plea process . .
16 . [such] that absent the erroneous advice, [he] would have insisted on going to trial.'"
17 *United States v. Baramdyka*, 95 F.3d 840, 844 (9th Cir. 1996), *quoting Hill v. Lockhart*,
18 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985); *United States v. Signori*, 844
19 F.2d 635, 638 (9th Cir. 1988) ("A defendant who pleads guilty upon the advice of counsel
20 may only attack the voluntary and intelligent character of his guilty plea by showing that
21 the advice he received from counsel was not within the range of competence demanded
22 of attorneys in criminal cases."); *United States v. Jeronimo*, 398 F.3d 1149 (9th Cir.
23 2005). Although Diaz-Castellanos does not assert that, absent the alleged erroneous
24 advice, she would have insisted on going to trial, Diaz-Castellanos does assert counsel
25 was ineffective and requests that her guilty plea be set aside[2].

---

27 [2]The Court notes that, should the Court actually set aside Diaz-Castellanos' plea agreement, a reinstatement of the charge would expose Diaz-Castellanos to the original
28 sentencing range of up to twenty (20) years.

- 3 -

1     As to Diaz-Castellanos' claim that counsel did not adequately explain the
2  consequences of the plea agreement and did not adequately explain the sentencing range,
3  the affidavit of counsel Mark F. Willimann disputes this. Mr. Willimann asserts that he
4  spent more than one and a half hours explaining the plea agreement and its consequences
5  to Diaz-Castellanos – this included a discussion regarding a planned challenge to a 16-
6  level enhancement if the probation department viewed Diaz-Castellanos' prior conviction
7  as a crime of violence. Rather than this case presenting a situation where counsel lured
8  Diaz-Castellanos into pleading guilty by making a grossly inaccurate prediction of the
9  sentencing range, counsel here discussed the possible finding by the Probation
10 Department of the prior conviction as a crime of violence and, that if counsel failed to get
11 Diaz-Castellanos down to an 8-level enhancement, Diaz-Castellanos would be subject to
12 a 16-level enhancement or a level 24 offense. *See e.g., United States v. Davis*, No. 04-
13 50030 (9th Cir. 11/2/05) (where counsel lured defendant into pleading guilty by making
14 grossly inaccurate prediction of sentencing range, fair and just reason was presented to
15 permit defendant to withdraw plea prior to sentencing).

16     Moreover, Mr. Williamann provided a translated copy of the proposed plea
17 agreement for Diaz-Castellanos' review. Mr. Willimann further asserts that, when Diaz-
18 Castellanos indicated she wanted to withdraw from the plea agreement, he again
19 discussed the benefits of the plea agreement with Diaz-Castellanos and his proposed
20 objections regarding her prior convictions. Mr. Willimann asserts that Diaz-Castellanos
21 agreed to his proposed course of action. Moreover, Mr. Willimann asserts that he
22 recommended this course of action because of the potential sentencing range Diaz-
23 Castellanos would face if she went to trial and the lack of a realistic opportunity for Diaz-
24 Castellanos to prevail at trial. Additionally, Diaz-Castellanos informed the magistrate
25 judge that she had discussed how the sentencing guidelines applied to her case and was
26 satisfied with the services of Mr. Willimann. The Court finds that Mr. Willimann
27 provided effective assistance of counsel as to this claim. Moreover, Diaz-Castellanos has
28 failed to show that she was prejudiced by this alleged deficiency. The magistrate judge

1 informed Diaz-Castellanos of the maximum statutory sentencing range (twenty (20)
2 years), the sentencing range pursuant to the plea agreement (six (6) to seventy-one (71)
3 months, depending on the criminal history), and that prior convictions would increase the
4 sentencing guideline range.

5      As to Diaz-Castellanos' claim that counsel was ineffective for failing to adequately
6 explain her constitutional rights, Mr. Willimann's affidavit shows otherwise. Mr.
7 Willimann asserts that he provided and read to Diaz-Castellanos a Spanish-translated
8 copy of the plea agreement which outlined all of the rights to be waived. Moreover,
9 Diaz-Castellanos has not shown that she was prejudiced by this alleged deficiency – after
10 the magistrate judge informed Diaz-Castellanos of the constitutional rights she was
11 waiving, Diaz-Castellanos informed the magistrate judge that she understood her right
12 to plead not guilty and go to trial, she wished to waived those rights, and she wished to
13 enter a plea of guilty. Diaz-Castellanos' assertions, therefore, that counsel provided
14 ineffective assistance of counsel during the plea proceedings is not supported by the
15 record.

16      The Court finds Diaz-Castellanos knowingly and voluntarily entered into the plea
17 agreement. Diaz-Castellanos waived her right to bring this Motion under 28 U.S.C. §
18 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

19      Diaz-Castellanos also asserts that counsel was ineffective for failing to file a notice
20 of appeal. However, this claim does not affect whether Diaz-Castellanos knowingly and
21 voluntarily entered into the plea agreement. This claim, therefore, is waived and may not
22 be presented in a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct
23 Sentence by a Person in Federal Custody. *See e.g., United States v. Navarro-Botello*,
24 9120F.2d 318, 321-22 (9th Cir. 1990) (right to appeal may be part of valid plea bargain).
25 Similarly, Diaz-Castellanos' claim that her sentence, which is consistent with the terms
26 of the plea agreement, is invalid pursuant to *United States v. Booker*, 125 S.Ct. 738, 160

27
28

L.Ed.2d 621 (2005), has been waived by the terms of the plea agreement[3]. Diaz-Castellanos has not established that "the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. This Court has no authority to either allow Diaz-Castellanos to withdraw her plea of guilty or to resentence Diaz-Castellanos.

Accordingly, IT IS ORDERED:

1. Diaz-Castellanos' Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [CR Doc. # 19] is DENIED;

2. Respondent's Motion to Dismiss [CR Doc. # 25] is GRANTED;

3. This matter is DISMISSED, and;

4. The Clerk of the Court shall enter judgment and shall then close its file in this matter.

DATED this 4th day of November, 2005.

_____
Cindy K. Jorgenson
United States District Judge

---

[3] Moreover, Diaz-Castellanos' claim fails to consider that *Booker* was determined on January 12, 2005. Diaz-Castellanos was sentenced on March 2, 2005, and the sentencing judge had the benefit of *Booker* prior to sentencing Diaz-Castellanos. Indeed, this matter had been scheduled for sentencing on January 13, 2005, and was continued to allow counsel to review *Booker*. Additionally, the Court notes that Diaz-Castellanos, by the terms of the plea agreement, waived her right to have a jury make factual findings beyond a reasonable doubt to support upward adjustments and departures.

- 6 -